UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ENTOURAGE PROPERTIES, LLC | CIVIL ACTION NO. 25-cv-778 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| LANDMARK AMERICAN INSURANCE CO | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Landmark American Insurance Company filed a Diversity Jurisdiction Disclosure Statement and alleged that it is "a subsidiary of Alleghany Corporation, a public held corporation with no one individual or corporation holding more than ten percent (10%) of its stock holdings." These allegations do not sufficiently establish Landmark's citizenship.

If Landmark is a corporation, it is deemed to be a citizen of (1) the state in which it was incorporated and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). To establish diversity jurisdiction, a complaint or notice of removal must set forth "with specificity" a corporate party's state of incorporation and its principal place of business. "Where the plaintiff [or removing party] fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity." Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982). The Fifth Circuit requires strict adherence to these straightforward rules. Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001). If it is an LLC or other unincorporated entity, its citizenship is determined by the citizenship of all of its members,

with its state of organization or principal place of business being irrelevant. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008).

Landmark must file, no later than **August 6, 2025**, an amended Diversity Jurisdiction Disclosure Statement that specifically alleges its citizenship in accordance with the rules set forth above.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 29th day of July, 2025.

Mark L. Hornsby
U.S. Magistrate Judge